# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GENE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> ORRY MARCIANO, et al., <br><br> Defendants. | Case No. EDCV 17-0181 SVW (SS) <br><br> **MEMORANDUM DECISION AND ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.
## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 1, 2017. Pending before the Court is Plaintiff's Third Amended Complaint. ("TAC," Dkt. No. 14). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious,

(2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

The Third Amended Complaint is an improvement from earlier complaints. However, the TAC still fails to show how each Defendant's actions rose to the level of a constitutional violation. It is not clear that Plaintiff will be able to state a constitutional claim on these facts. However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court will grant Plaintiff **one final** opportunity to state a claim. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). Accordingly, for the reasons stated below, the TAC is dismissed, with leave to amend.[1]

## II.
## ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

Plaintiff sues the following individuals at the Chuckawalla Valley State Prison ("CVSP"): (1) prison physician Orry Marciano; "Supervisor Cook I" staff members (2) Viengochia and (3) Verdusco;

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). The Court finds that this Order Dismissing with Leave to Amend is a non-dispositive Order. However, pursuant to Federal Rule of Civil Procedure 72, if Plaintiff disagrees, he may file an objection with the District Judge. Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015).

2

and "Supervisor II" staff members (4) Perez and (5) Prieta. (TAC at 1-2, 6). The TAC specifically alleges that Marciano is sued in his individual capacity, but makes no parallel allegations as to Viengochia, Verdusco, Perez and Prieta (collectively, the "Supervisor Defendants"). (Id. at 3).

Plaintiff is a "high risk," elderly, obese inmate with a history of seizures and chronic knee pain from having been shot six times in the kneecap. (Id. at 4-5). One of his legs is shorter than the other, which causes him to limp. (Id. at 5). He uses a "medical devi[c]e cane" to help him walk. (Id. at 4).

Upon his arrival at CVSP in December 2015, Plaintiff was assigned a job in the facility "C" yard dining hall kitchen, where he had to work "with heavy pots and pans." (Id. at 2-3). Plaintiff was told that the failure to comply with direct orders would result in disciplinary infractions, the issuance of which would prevent him from earning good behavior credits. (Id. at 2).

Plaintiff went to see Marciano about his work assignment and asked for his assistance. (Id. at 3). Marciano had Plaintiff's "entire medical file at his disposal." (Id. at 6). Marciano knew that Plaintiff had just arrived from the California Rehabilitation Center, where he had been removed from kitchen duty after one day because of his "high risk medical factors." (Id. at 2). Marciano also knew that Plaintiff was required to wear a "Mobility Impaired" lime green vest due to his physical limitations. (Id. at 2-3).

3

However, instead of helping Plaintiff, Marciano kicked Plaintiff out, sent him back to work, and allowed "various staff members" to mistreat him. (Id. at 3-4). Viengochia, Verdusco, Perez and Prieta acted with "wanton disregard for Plaintiff's welfare" because they hid Plaintiff's cane and vest. (Id. at 6-7). The staff members' cruelty caused Plaintiff "pain and suffering," which triggered a mild stroke that required hospitalization. (Id. at 3).

Even after his stroke, Plaintiff was sent back to work in the kitchen. (Id. at 4). He was finally transferred to an "education" job after enduring months of pain in his kitchen assignment. (Id. at 5). Marciano has recently placed Plaintiff on "high risk" status and is sending him to a medical facility.[2] (Id. at 4). This transfer is "an acknowledgment of his previous failure to act" on Plaintiff's behalf. (Id. at 6).

Plaintiff claims that Marciano was deliberately indifferent to his serious medical needs because Marciano failed to respond to his "cry for help" and "treat" him for four months.[3] (Id. at 4-5). Marciano's failure to intervene when Plaintiff sought help regarding his work assignment also constituted cruel and unusual

---

[2] Since filing the TAC, Plaintiff notified the Court of his change of address to the Correctional Training Facility - Soledad. (Dkt. No. 15).

[3] It is unclear what Plaintiff means by the allegation that Marciano failed to "treat" him in this context. It is possible that Plaintiff is attempting to allege that Marciano's failure to secure a transfer for Plaintiff from his kitchen assignment constituted a failure to "treat" his medical condition.

4

punishment proscribed by the Eighth Amendment. (Id. at 5). "Staff members" -- likely the Supervisor Defendants -- were "arbitrary capricious individuals who shock[ed] the conscientious objections [sic] of the crue[l] and unusual punishment," also in violation of Plaintiff's Eighth Amendment rights. (Id. at 3). Plaintiff states that he is seeking unspecified "monetary damages" against Marciano, (id. at 3), but does not affirmatively seek relief as to the Supervisor Defendants.

### III.

### DISCUSSION

Under 28 U.S.C. section 1915A(b), the Court must dismiss Plaintiff's Second Amended Complaint due to multiple pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar, 698 F.3d at 1212 (citation and internal quotation marks omitted). Accordingly, for the reasons stated below, the Third Amended Complaint is DISMISSED with leave to amend.

**A.   The TAC Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Each claim must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). However, as the Supreme Court has explained, "[t]he complaint must contain more than 'a formulaic recitation of the elements of a cause of action' . . . [and] must plead 'enough facts to state a claim to relief that is plausible on its face.'" Twombly, 550 U.S. at 555 & 570. Rule 8 can be violated when a complaint says "too much" or "too little." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

Here, the Third Amended Complaint fails to comply with Rule 8. The "factual allegations" are extremely vague and consist of little more than legal conclusions, particularly with respect to the Supervisor Defendants. The allegations do not state what each Defendant separately did to violate any particular constitutional right. The TAC therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the Third Amended Complaint must be dismissed, with leave to amend.

**B.** **The TAC Fails To State A Deliberate Indifference Claim**

As the Court has previously explained, to state an Eighth Amendment claim based on a prisoner's medical treatment, the prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also West v. Atkins, 487 U.S. 42, 49 (1988). To establish a "serious medical need," the prisoner must demonstrate that "failure to treat a prisoner's condition

6

could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, the prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 845 (1994).

"'[A] plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference.'" Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); see also Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) ("[A] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference.") (quoting Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012), overruled in part on other grounds by Peralta v.

7

Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc)). Where a physician defendant opts for one course of treatment over another, or for no affirmative treatment at all, the plaintiff must show that the option the physician chose was medically unacceptable under the circumstances, and that the physician chose it in conscious disregard of an excessive risk to the plaintiff's health. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff alleges that Marciano was aware of his medical history and condition, but nonetheless failed to intervene when Plaintiff asked him for help to get out of his assignment in the C facility kitchen. It is questionable whether the failure to reassign an inmate to a different work detail due to his physical limitations is properly construed as a denial of medical "treatment" such that the deliberate indifference standard applies, as opposed to the more general "cruel and unusual punishment" Eighth Amendment standard.[4] However, even assuming that the

---

[4] "[D]ifferent types of conduct implicate different culpability standards under the Eighth Amendment[.]" Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 372 (9th Cir. 1998) (discussing County of Sacramento v. Lewis, 523 U.S. 833 (1998)). As one court has explained, although deliberate indifference to serious medical needs is a type of cruel and unusual punishment prohibited by the Eighth Amendment,

> [t]here are a number of different types of claims that arise under the Eighth Amendment's cruel and unusual punishment clause, including distinct claims for basic cruel and unusual punishment, for excessive force against prisoners, and for deliberate indifference to prisoners' serious medical needs. Courts apply a different test to each.

Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008) (citing cases), overruled on other grounds as recognized by Randall v.

8

deliberate indifference framework applies, these spare allegations fail to state a deliberate indifference claim.

Although Plaintiff alleges that his kitchen assignment required him to work with "heavy pots and pans," the TAC does not describe what he had to do with the pots and pans or explain why it was dangerous for someone with his physical limitations to do that work. Accordingly, it is not clear from the TAC that Plaintiff's chronic knee pain, for example, constituted a serious medical condition such that the failure to exempt him from kitchen detail would likely result in significant additional injury or the unnecessary and wanton infliction of pain. Similarly, Plaintiff does not allege facts showing that Marciano's failure to exempt him from his kitchen assignment was "medically unacceptable" and was "chosen in conscious disregard of an excessive risk" to Plaintiff's health. Hamby, 821 F.3d at 1092 (internal quotation marks and citation omitted). Accordingly, the Third Amended Complaint must be dismissed, with leave to amend.

\\
\\
\\

---

Scott, 610 F.3d 701, 705-06 (11th Cir. 2010); see also Harris v. Lappin, 2009 WL 789756, at *10 (C.D. Cal. Mar. 19, 2009) ("Although the Eighth Amendment is the source of protection against excessive force and conditions of confinement posing a serious risk of substantial harm, these are two distinct types of wrongs and are evaluated under different legal tests.").

9

**C.   The TAC Fails To State A Cruel And Unusual Punishment Claim**

Alternatively, Plaintiff appears to allege that Marciano's failure to intervene in his work assignment, and the Supervisor Defendants' confiscation of his cane and vest, constituted "cruel and unusual punishment." These grounds for an Eighth Amendment claim also fail.

Infliction of suffering on prisoners that is "totally without penological justification" violates the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Only "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). The punishment must constitute "shocking and barbarous treatment." Grummett v. Rushen, 779 F.2d 491, 494 n.1 (9th Cir. 1985). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley, 475 U.S. at 319. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ." Wilson v. Seiter, 501 U.S. 294, 299 (1991) (internal quotation marks and citation omitted). Accordingly, "courts considering a prisoner's [cruel and unusual punishment] claim must ask: 1) if the officials acted with a sufficiently culpable state of mind; and 2) if the alleged wrongdoing was objectively harmful enough to establish a

constitutional violation." <u>Somers v. Thurman</u>, 109 F.3d 614, 622 (9th Cir. 1997) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992)).

The Third Amended Complaint simply does not provide sufficient facts about Plaintiff's work detail, or his alleged inability to perform the tasks required of him, to establish that Marciano's failure to pull him from his work as a kitchen lineman was "shocking and barbarous treatment" with no penological justification. The Eighth Amendment claims against the Supervisor Defendants also fail. The entirety of Plaintiff's claims against these four Defendants states that they:

> all acted with wanton disregard for Plaintiff's welfare for they all hid[] Plaintiff['s] medical devi[c]e 'cane' and his vest 'mobility impair' vest [sic]. These defendants are all just as guilty as defendant Marciano.

(TAC at 6-7).

This brief, conclusory allegation does not distinguish what each of the Supervisor Defendants separately did, or describe when or where the acts occurred. Accordingly, the Third Amended Complaint must be dismissed, with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the Third Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Fourth Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. <u>**Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the TAC**</u>. The Fourth Amended Complaint, if any, shall be complete in itself and shall not refer in any manner to the original Complaint or any prior Amended Complaint. Its caption page shall bear the designation "Fourth Amended Complaint" and the case number assigned to this action.

The Fourth Amended Complaint should be short and concise. In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>**Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**</u> In any amended complaint, Plaintiff should identify the nature of each separate legal claim and the Defendant (by name) against whom the claim is asserted, and make clear what specific factual allegations support each separate claim. Plaintiff is strongly

encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a Fourth Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation to the District Judge that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is also advised that this is a non-dispositive order pursuant to Federal Rule of Civil Procedure 72(a).  <u>Plaintiff is advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiffs' convenience.  If Plaintiff utilizes the Notice of Dismissal, he is instructed to clearly state whether he is dismissing the entire action or only certain claims or certain Defendants.</u>**

DATED:  March 29, 2018

                                                             /S/
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**